PER CURIAM.
Appellant was tried on four informations each charging manslaughter resulting from culpable negligence' in the operation of a motor vehicle. By agreement of counsel the cases were consolidated and tried together resulting in verdict of guilty as to three cases and not guilty as to one case. Appellant was sentenced to serve seven years in the state penitentiary as to each case in which he was found guilty,- the sentence in the second and third cases to run concurrently with the sentence in the first case. The record shows that appellant’s motor vehicle collided with .an Oldsmobile in which three persons were killed. A passenger riding with him was also killed, the verdict of not guilty being as to the death of said passenger. Appellant was traveling *590 East from Cottondale in the direction of Marianna at about 2:30 p. m.
Appeals were taken from the judgment in each case wherein appellant was found guilty but only one question is relied on for reversal. Was the evidence sufficient to sustain, the verdicts ?
The pertinent part of the material evidence shows that appellant was driving his “pulpwood truck” about 35 or 40 miles per hour in a “no passing zone,” 812 feet in length, the point of impact being approximately one-half the distance between the extremes of the “no passing zone.” Appellant attempted to pass the car leading him which speeded up -and prevented him from passing. The Oldsmobile with which he collided came over the hill at a “fast” rate of speed. Appellant’s motor vehicle and the Oldsmobile commenced zig-zagging as if each were trying to avoid the other. Appellant was on the wrong side of the road, could not get back into his own lane, attempted to turn left onto the shoulder but was unable to do so before the collision. Appellant’s motor vehicle overturned on the North side of the road and the Oldsmobile was struck with such force that it reversed its position and came to rest headed in the opposite direction from which it was traveling. There were no skid marks indicating the application of brakes but the point of impact was fixed by physical evidence as' being at the extreme North edge of the pavement.
Appellant contends that the speed of the Oldsmobile with which he collided and not his own negligence was the cause of the accident; also that when the car which he attempted to pass increased its speed it became impossible for him to pass it, his action was an error in judgment and that under Miller v. State, Fla., 75 So.2d 312, he should not be held guilty of culpable negligence. Appellant’s own testimony shows that he was hauling pulpwood to Cottondale from a point east of the accident, that he had hauled two loads that day, that he usually completed three trips in a day and was going for his last load when the accident occurred. From this testimony it is clear that appellant was familiar with the road and the “no passing zone.” Appellant further testified on cross examination as follows:
“Q. You realized you had crossed the solid yellow line, didn’t you?
“A. Yes, sir, and when I 'seed’ me and him both was on that side, I was going to take the ditch then, but he was too close on me and was driving too fast and dodging around, and I could not make it.”
The record also shows that upon a joint motion of the defense and the state, the jury was allowed to view the scene of the accident. Appellant stated that he was 28 years old and had been driving “nearly ever since I can remember.”
A “no passing zone,” clearly marked as the one in question was, is a red flag to all drivers. It warns all that to pass a car in the zone, even at lawful speeds, is extremely hazardous due to obstructed vision caused by a hill (as in this case) or a curve. To fail to observe it, is to invite tragedy. All the evidence considered, it is our view that reasonable men could have reached the verdict rendered.
Therefore the judgment appealed from should be, and is, hereby affirmed.
Affirmed.
TERRELL, C. J., and HOBSON, DREW and O’CONNELL, JJ., concur.